FILED

NOT FOR PUBLICATION

JUL 24 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEONG KO,

             Plaintiff - Appellant,

    v.

CITY OF LA HABRA, A Public Entity,

             Defendant - Appellee.

No. 11-55771

D.C. No. 2:10-cv-05305-R-PJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted December 4, 2012
Pasadena, California

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

    Jeong Ko appeals the district court's grant of summary judgment in favor of

the City of La Habra on his claim that the City violated the Uniformed Services

Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301 *et seq.* (USERRA)

by failing to grant him pay increases and failing to make contributions to his

_____

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

pension plan for the period during which he was on military leave. We have jurisdiction under 28 U.S.C. § 1291. We reverse in part, affirm in part, and remand for further proceedings.

The district court erred by holding that Ko failed to raise a dispute of material fact as to whether he is entitled under the USERRA to STEP pay increases for which he would have been eligible absent his military leave. Under the USERRA, a service member who is re-employed upon returning from active duty is entitled to the "rights and benefits that such person would have attained if the person had remained continuously employed." 38 U.S.C. § 4316(a). Regulations promulgated under the USERRA provide that upon re-employment, the employee's "rate of pay must be determined by taking into account any pay increases, differentials, *step increases, merit increases*, or periodic increases that the employee would have attained with reasonable certainty had he or she remained continuously employed during the period of service." 20 C.F.R. § 1002.236(a) (emphasis added). To determine whether an increase would have been attained with "reasonable certainty," "an employer may examine the returning employee's own work history, his or her history of merit increases, and the work and pay history of employees in the same or similar position." *Id.*

2

"[W]e must view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Wilkinson v. Torres*, 610 F.3d 546, 550 (9th Cir. 2010). When Ko left for military service, he was meeting the department's standards and had recently qualified for a pay increase; when he returned home, he was exceeding standards. Although Ko was denied step increases after his six- and nine-month performance reviews, even these earlier, below-expectation reviews from his probationary period show aptitude and eagerness, coupled with mistakes and gaps in knowledge that warranted extra training. For instance, while the early reports identify Ko's enthusiasm and his excellent communication skills, they also indicate he made mistakes with regard to safety protocol and showed "a lack of understanding of jurisdictional issues." However, at his fifteen month mark, he was given a vastly improved evaluation:

> Although fairly new, Officer Ko has improved greatly and is using good judgement [sic] and common sense in the field. Officer Ko has performed well in many of the situations I have observed him in, and he takes a long term approach on how to solve the problem. Officer Ko is genuinely concerned about the victims he contacts and tries to work with them on solutions. Officer Ko has also improved in the area of command presence and seems much more confident in his abilities.

The report goes on to note that Ko is well liked by the other officers, volunteers for extra duties, assists other officers with menial tasks without complaint, is "constantly being exposed to new situations and learns from each one," is "constantly trying to improve himself," is "not afraid to ask questions of supervisors and clearly understands what is expected of him." A reasonable jury could infer from these reports that Ko gained the skills and knowledge he was lacking early on. Further, Ko adduced evidence that most police officers receive their step increases as a matter of course. Ko and a second officer declared that step increases were "standard practice," except in cases of disciplinary action or unsatisfactory work. Although not before the district court at the time it decided the summary judgment motion, at oral argument, the City represented that it was "unusual" for an officer not to get a step increase. In light of his positive performance reviews and the evidence that it was "standard practice" to award step increases to those who met expectations, Ko has raised a genuine issue of material fact as to whether there was a "reasonable certainty" within the meaning of USERRA's implementing regulations that he would have received a step increase.

The district court correctly held that the City did not violate its USERRA obligations with respect to Ko's pension plan. Ko is entitled to full service credit

for the time spent on military leave; he simply needs to request the service credit from CalPERS and provide CalPERS with a copy of his military service record.

**REVERSED in part; AFFIRMED in part; REMANDED.** Each party shall bear its own costs on appeal.