**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEONG KO,<br><br>　　　　Plaintiff - Appellee,<br><br>　v.<br><br>CITY OF LA HABRA, A Public Entity,<br><br>　　　　Defendant - Appellant. | No. 14-55487<br><br>D.C. No. 2:10-cv-05305-R-PJW<br><br>MEMORANDUM[*] |
| JEONG KO,<br><br>　　　　Plaintiff - Appellee,<br><br>　v.<br><br>CITY OF LA HABRA, A Public Entity,<br><br>　　　　Defendant - Appellant. | No. 14-55705<br><br>D.C. No. 2:10-cv-05305-R-PJW |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued July 16, 2015
Submitted December 24, 2015

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Pasadena, California

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

The City of La Habra appeals the district court's grant of summary judgment in favor of Jeong Ko on his claim that the City violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301–4335, by failing to grant him a retroactive step increase upon his return from military leave. The City also appeals the district court's award of attorneys' fees. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

1.     The district court did not violate the law of the case by granting Ko's motion for summary judgment. We first considered this case two years ago, when we reversed the district court's grant of summary judgment in favor of the City. *See Ko v. City of La Habra* (*Ko I*), 534 F. App'x 615 (9th Cir. 2013) (unpublished). We held that "[t]he district court erred by holding that Ko failed to raise a dispute of material fact as to whether he is entitled under the USERRA to STEP pay increases for which he would have been eligible absent his military leave." *Id.* at 615. Although we held that the district court's grant of summary judgment in favor of the City was improper, we did not reach the question of whether the City had raised an issue of material fact sufficient to defeat Ko's motion for summary judgment. Because the issue in question must have been "decided explicitly or by

necessary implication in [the] previous disposition," the law of the case doctrine does not apply. *Liberty Mut. Ins. Co. v. Equal Emp't Opportunity Comm'n*, 691 F.2d 438, 441 (9th Cir. 1982).

2.      The district court did err in granting summary judgment to Ko, because the City has shown a "genuine dispute" of "material fact," *see* Fed. R. Civ. P. 56(a), as to whether Ko would have received a step increase "with reasonable certainty had he . . . remained continuously employed during [his] period of [military] service." 20 C.F.R. § 1002.236(a).[1]  In reaching this conclusion, we view the evidence in the light most favorable to the City, the nonmoving party. *See Delta Sav. Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir. 2001).

The City presented evidence showing that step increases do not automatically occur.  Instead, all step increases are discretionary and based on the merits of an officer's job performance.[2]  Indeed, Ko's own employment history shows that step increases are not automatic, given his actual performance

---

[1]Because we conclude that the district court erred in granting Ko's motion for summary judgment, we also vacate the district court's award of attorneys' fees.

[2]The Memorandum of Understanding between the City of La Habra and the La Habra Police Association (in effect during the relevant period) provides, "All step increases are based on merit and must be recommended by the employee's supervisor, subject to the approval of the Police Chief, or designee."

evaluations and his failure to complete probation during the typical period.[3] Ko's

performance was formally evaluated after six months on the job, at which time he

was eligible for a step increase. He did not receive this step increase because of

concerns about his job performance. Ko was next evaluated after nine months on

the job, and again he failed to receive the step increase because of continued

concerns about his job performance. The City also requires all new police officers

to complete a probationary period that typically lasts for one year. However, Ko's

probationary period was extended to fifteen months because of his sub-standard

job performance. Thus, viewing the evidence in a light most favorable to the City,

---

[3]The dissent notes that we emphasize Ko's deficient performance. Indeed, we do focus on this evidence. The standard of review for summary judgment requires us to do so. The dissent ignores the standard of review, instead focusing on the evidence presented by Ko, the moving party. The dissent impermissibly weighs the evidence in reaching the conclusion that a rationale jury would find in favor of Ko. On a motion for summary judgment, "[i]t is not for the court to evaluate the persuasiveness of [the] evidence." *Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1055 (9th Cir. 2015).

a reasonable jury could conclude that it was not "reasonably certain" that Ko would have received a step increase but for his military service.[4]

We recognize that Ko has presented competing evidence supporting an inference that he would have received a step increase but for his military service. We previously concluded as much in *Ko I*, when we reversed the district court's grant of summary judgment in favor of the City. However, "[a]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

3.      On remand, the case does not need to be reassigned to a different district court judge. In determining whether the case should be reassigned, we consider:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of justice.

---

[4]The district court alternatively concluded that Ko was entitled to step increases as a matter of law under *Tilton v. Missouri Pacific Railroad Company*, 376 U.S. 169 (1964). But the pay increase in *Tilton* depended entirely on longevity and had no merit-based component, whereas here, the City's step increases are based on both longevity *and* satisfactory performance reviews. Accordingly, *Tilton* does not support a grant of summary judgment to Ko.

*Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1034 (9th Cir. 2012) (quoting *United States v. Arnett*, 628 F.2d 1162, 1165 (9th Cir. 1979)).  The "unusual circumstances" necessary for reassignment "rarely exist," *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 352 F.3d 367, 381 (9th Cir. 2003), and do not exist here.  The district judge can adequately consider the City's position on remand.  That conclusion is especially warranted, given that this judge has now granted summary judgment for both parties and that it will be a *jury*—not the judge—that will be resolving the material question of fact here.

**REVERSED and REMANDED**.



**_Ko v City of La Habra  14-55487/14-55705_**

Wardlaw, Circuit Judge, concurring in part and dissenting in part:

I concur in the majority's law of the case holding and agree that this case should not be reassigned to a different district court judge.  I believe that the district court judge got this case right upon remand, however, so I disagree with the majority's reversal of summary judgment in favor of Ko.

To prevail on his USERRA claim, Ko was required to prove that he would have, "with reasonable certainty," received a step increase.  20 C.F.R. § 1002.236(a).  A "reasonable certainty" means "a high probability," not "an absolute certainty."  *Id.* § 1002.213.

The majority emphasizes Ko's deficient performance during his first year on the job.  At the fifteen-month mark, however, Ko's performance evaluation indicated that he had completed a personal improvement plan and additional training, "improved greatly," "overcame [his] noted deficiencies," and received a step increase.  His next performance evaluation, which covered the five months before he left for military service and the seven months after he returned, noted Ko's "exceptional work habits," his "above average" productivity "in all areas," and his "bright future in law enforcement"; gave him an overall rating of "exceeds standards"; and awarded him another step increase.  The President of the La Habra Police Association attested that a step increase requires only a "meets standards"

evaluation, and—as the City conceded at oral argument in *Ko I*—it was "unusual" for an officer not to receive a step increase. Accordingly, a rational jury would necessarily conclude that Ko was reasonably certain to have received a step increase if he had remained continuously employed during his seventeen-month period of military service. *See Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1055 (9th Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).[1] Finding for the City at trial would impermissibly rely "on an assumption that a series of unlikely events could have prevented the employee from gaining the right or benefit." 20 C.F.R. § 1002.213.

I would therefore affirm the district court's grant of summary judgment in favor of Ko.

---

[1] Because these facts are either undisputed or are admissions by the City, there are no genuine disputes of material fact.

2