MEMORANDUM *
The City of La Habra appeals the district court’s grant of summary judgment in favor of Jeong Ko on his claim that the City violated the Uniformed Services Employment and Reemployment Rights Act *974 (“USERRA”), 38 U.S.C. §§ 4301-4335, by failing to grant him a retroactive step increase upon his return from military leave. The City also appeals the district court’s award of attorneys’ fees. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.
1. The district court did not-violate the law of the case by granting Ko’s motion for summary judgment. We first considered this case two years ago, when we reversed the district court’s grant of summary judgment in favor of the City. See Ko v. City of La Habra (Ko I), 534 Fed.Appx. 615 (9th Cir.2013) (unpublished). We held that “[t]he district court erred by holding that Ko failed to raise a dispute of material fact as to whether he is entitled under the USERRA to STEP pay increases for which he would have been eligible absent his military leave.” Id. at 615. Although we held that the district court’s grant of summary judgment in favor of the City was improper, we did not reach the question of whether the City had raised an issue of material fact sufficient to defeat Ko’s motion for summary judgment. Because the issue in question must have been “decided explicitly or by necessary implication in [the] previous disposition,” the law of the case doctrine does not apply. Liberty Mut. Ins. Co. v. Equal Emp’t Opportunity Comm’n, 691 F.2d 438, 441 (9th Cir.1982).
2. The district court did err in granting summary judgment to Ko, because the City has shown a “genuine dispute” of “material fact,” see Fed.R.Civ.P. 56(a), as to whether Ko would have received a step increase “with reasonable certainty had he ... remained continuously employed during [his] period of [military] service.” 20 C.F.R. § 1002.236(a).[1] In reaching this conclusion, we view the evidence in the light most favorable to the City, the non-moving party. See Delta Sav. Bank v. United States, 265 F.3d 1017, 1021 (9th Cir.2001).
The City presented evidence showing that step increases do not automatically occur. Instead, all step increases are discretionary and based on the merits of an officer’s job performance.[2] Indeed, Ko’s own employment history shows that step increases are not automatic, given his actual performance evaluations and his failure to complete probation during the typical period.[3] Ko’s performance was formally evaluated after six months on the job, at which time he was eligible for a step increase. He did not receive this step increase because of concerns about his job performance. Ko was next evaluated after nine months on the job, and again he failed to receive the step increase because of continued concerns about his job performance. The City also requires all new police officers to complete a probationary *975 period that typically lasts for one year. However, Ko’s probationary period was extended to fifteen months because of his sub-standard job performance. Thus, viewing the evidence in a light most favorable to the City, a reasonable jury could conclude that it was not “reasonably certain” that Ko would have received a step increase'but for his military service.[4]
We recognize that Ko has presented competing evidence supporting an inference that he would have received a step increase but for his military service. We previously concluded as much in Ko I, when we reversed the district court’s grant of summary judgment in favor of the City. However, “[a]t the summary judgment stage the judge’s function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
3. On remand, the case does not need to be reassigned to a different district court judge. In determining whether the case should be reassigned, we consider: Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1034 (9th Cir.2012) (quoting United States v. Arnett, 628 F.2d 1162, 1165 (9th Cir.1979)). The “unusual circumstances” necessary for reassignment “rarely exist,” Glen Holly Entm’t, Inc. v. Tektronix, Inc., 352 F.3d 367, 381 (9th Cir.2003), and do not exist here. The district judge can adequately consider the City’s position on remand. That conclusion is especially warranted, given that this judge has now granted summary judgment for both parties and that it will be a jury— not the judge — that will be resolving the material question of fact here.
(1) whethér the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of justice.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because we conclude that the district court erred in granting Ko’s motion for summary judgment, we also vacate the district court's award of attorneys' fees.

. The Memorandum of Understanding between the City of La Habra and the La Habra Police Association (in effect during the relevant period) provides, "All step increases are based on merit and must be recommended by the. employee’s supervisor, subject to the approval of the Police Chief, or designee.”

. The dissent notes that we emphasize Ko’s deficient performance. Indeed, we do focus on this evidence. The standard of review for summary judgment requires us to do so. The dissent ignores the standard of review, instead focusing on the evidence presented by Ko, the moving party. The dissent impermis-sibly weighs the evidence in reaching the conclusion that a rationale jury would find in favor of Ko, On a motion for summary judgment, "[i]t is not for the court to evaluate the persuasiveness of [the] evidence.” Alcantar v. Hobart Serv., 800 F.3d 1047, 1055 (9th Cir. 2015).

. The district court alternatively concluded that Ko was entitled to step increases as a matter of law under Tilton v. Missouri Pacific Railroad Company, 376 U.S. 169, 84 S.Ct. 595, 11 L.Ed.2d 590 (1964). But the pay increase in Tilton depended entirely on longevity and had no merit-based component, whereas here, the City's step increases are based on both longevity and satisfactory performance reviews. Accordingly, Tilton does not support a grant of summary judgment to Ko.